Walter **MICKENS**, Jr., Petitioner–Appellant,

v.

John B. **TAYLOR**, Warden, Sussex I State Prison, Respondent–Appellee.

No. 00–4.

United States Court of Appeals, Fourth Circuit.

March 26, 2001.

### ORDER

We have considered Mickens' motion to stay the issuance of our mandate and to stay the sentence of execution of the state court, which motion was filed in our court March 16, 2001, and we have considered the response thereto filed by the Commonwealth March 19, 2001.

Voting to grant the stay were Judges Michael, Motz and King, and voting to deny the stay were Judges Wilkinson, Widener, Wilkins, Niemeyer, Luttig, Williams and Traxler.

It is accordingly ADJUDGED and ORDERED that the motion of Mickens to stay the issuance of our mandate and to stay the sentence of execution by the state court shall be, and it hereby is, denied.

MICHAEL, J., joined by DIANA GRIBBON MOTZ and KING, JJ., filed a dissenting opinion, which follows:

MICHAEL, Circuit Judge, dissenting:

I respectfully dissent from the order of the en banc court denying Walter Mickens's motion to stay the mandate and his execution. Mickens meets the standard for a stay of execution under *Barefoot v. Estelle,* 463 U.S. 880, 895, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Mickens was tried and sentenced to death for murder with a court-appointed lawyer who had been representing the

murder victim at the time of the offense. Mickens did not know about the conflict problem, so he could not object. However, the state judge who appointed the lawyer knew or should have known of the apparent conflict, but failed in her duty to inquire. *See Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (holding that a trial court must "initiate an inquiry" when it "knows or reasonably should know that a particular conflict exists"). Because the conflict proved to be genuine, the plain language of *Wood v. Georgia*, 450 U.S. 261, 273–74, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), dictates that Mickens·is entitled to a new trial. Indeed, in at least one other circuit Mickens would be granted habeas relief. *See Ciak v. United States*, 59 F.3d 296, 302 (2d Cir. 1995). For these reasons, Mickens should not be put to death before he has a fair opportunity to seek Supreme Court review.

DIANA GRIBBON MOTZ and KING, JJ., join this dissent.